■ AVA BERGMANN, Respondent-Appellant, v ROBERT I. BERGMANN, Appellant-Respondent and Third-Party Plaintiff-Appellant. JACOBY AND MEYERS, Third-Party Defendant-Respondent. — Order and judgment, one paper, Supreme Court, New York County (Tyler, J.), entered January 12, 1982, granting summary judgment of specific performance in favor of plaintiff on the first cause of action, and otherwise disposing of the parties' motions, is unanimously modified, on the law, to the extent that plaintiff is also granted partial summary judgment on the issue of liability for attorney's fees on the first cause of action, and the matter is remanded to the trial court for determination and assessment of the amount of attorney's fees to be awarded to plaintiff, and the dismissal of the first counterclaim asserted in the answer is reversed and said counterclaim is reinstated, and the order is otherwise affirmed, without costs. Defendant has failed to submit any evidence sufficient to raise a triable issue of fact as to the validity and enforceability of the separation agreement, and accordingly, summary judgment was properly granted in plaintiff's favor enforcing it. The agreement explicitly provided that if either party fails to perform his or her financial and other obligations under the agreement, the parties shall have the right to seek legal remedies, and they shall indemnify each other from any expense, including legal fees, incurred to enforce the parties' rights with respect to the agreement. The first cause of action in the complaint on which summary judgment has been properly granted in favor of plaintiff seeks specific performance of the provision for delivery of stock under the agreement along with attorney's fees. Plaintiff is entitled to reasonable attorney's fees in an amount to be determined on an assessment thereof. The dismissal of the first counterclaim in the answer appears to have been an

oversight. That counterclaim is therefore reinstated. Concur — Kupferman, J. P., Sullivan, Silverman, Asch and Milonas, JJ.